IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROLINE PAULA MORE,

                Plaintiff,

     v.

IOWA COUNTY SHERIFF STEVE MICHEK,
IOWA COUNTY DEPUTIES, MEDICAL STAFF
EMPLOYED AT SHERIFF'S DEPARTMENT OF
IOWA COUNTY, STATE OF WISCONSIN JUSTICE
DEPARTMENT, STATE OF WISCONSIN,
UPLANDS HILLS HEALTH, TELLURIAN, and
WINNEBAGO MENTAL HEALTH INSTITUTE,

                Defendants.

ORDER

17-cv-401-jdp

---

Pro se plaintiff Caroline Paula More contracted clostridium difficile (C. Diff.), an intestinal infection, while she was in custody following her arrest. More alleges that her illness was caused by medicine provided to her during her custody.

More is not a prisoner, but she is proceeding *in forma pauperis*, so I will screen her proposed complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). I must construe More's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). With these principles in mind, I conclude that More fails to state a claim. But I will allow More to amend her complaint to address the problems discussed in this order.

ALLEGATIONS OF FACT

I draw the following facts from the allegations in More's complaint, Dkt. 1, and accept them as true for purposes of this preliminary screening of the complaint.

On May 24, 2014, defendant Steve Michek, a deputy sheriff for Iowa County, arrested More for an unidentified reason. Michek went through More's belongings and found some prescription medicine that belonged to More. According to More, Michek:

> proceeded to give pills to Uplands Hills Health (hospital) and they in turn provided various prescriptions to Tellurian Center in Madison, Wisconsin. Furthermore, the prescriptions were transferred to Winnebago Mental Health Institute, with More.

*Id*. at 2. I take More to mean that Michek sent More's medicine to defendant Uplands Hills Health, and based on the pills provided, some medical professional at Uplands prescribed either the same medicine or some other medicine for More to take while she stayed at defendants Tellurian and Winnebago Mental Health Institute. I also infer that Uplands was a medical care provider for More while she was in custody.

More contracted C. Diff. after ingesting the medicine prescribed by Uplands and suffered physical and mental injuries as a result. She was treated for C. Diff. for several months, and one of her medical care providers told her that "she was a treatment failure." *Id*. at 3.

ANALYSIS

More indicates that she is bringing claims against defendants under 42 U.S.C. § 1983. Section 1983 "does not establish a system of vicarious liability," and defendants in Section 1983 cases are not liable for acts or omissions committed by others. *Aguilar*, 2017 WL 2784561, at *2. Instead, a plaintiff must show that a defendant personally participated in the constitutional deprivation at issue. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

Here, More does not allege any personal involvement by any defendant other than an unnamed medical professional at Uplands. More alleges that defendant Michek went through More's belongings, found the prescription drugs Mores already had, and sent them to Uplands. More does not explain why she believes that these actions violated her rights or led to her injuries. Nor does More explain how she was wronged by Michek's deputies, medical staff employed at the Iowa County Sherriff's Department, the State of Wisconsin, the Wisconsin Justice Department, Tellurian, and Winnebago Mental Health Institute.

More's claim against Uplands requires a slightly different analysis. I take More to mean that medical care provided by an Uplands employee was deficient. But under the Seventh Circuit's precedents, an employer is not liable for acts or omissions of its employees under Section 1983. *See Collins v. Al-Shami*, 851 F.3d 727, 734 (7th Cir. 2017). So More cannot proceed against Uplands under the theory of vicarious liability. More does not name any medical professional at Uplands as a defendant, but I have considered whether More states a claim against a potential Doe defendant at Uplands. I conclude that she does not.

Because More was a pretrial detainee, the Fourteenth Amendment governs More's claim against a medical professional at Uplands. Under the Due Process Clause of the Fourteenth Amendment, a plaintiff may challenge a state actor's medical care in two ways. One way is the familiar deliberate-indifference claim imported from Eighth Amendment cases: a plaintiff must to show that a defendant was deliberately indifferent to her objectively serious medical condition. *Pittman ex rel. Hamilton v. County of Madison,* 746 F.3d 766, 775 (7th Cir. 2014). More fails to state a deliberate-indifference claim here because she alleges neither that she suffered from an objectively serious medical condition nor that anyone was deliberately indifferent to it.

Another way to challenge pretrial medical care is by showing that the medical care was objectively unreasonable. The Supreme Court in *Kingsley v. Hendrickson* explained that the applicable standard is objective reasonableness for a pretrial detainee asserting a Fourteenth Amendment claim. 135 S. Ct. 2466, 2473 (2015). *Kingsley* was an excessive force case, and the Seventh Circuit has not decided whether the objective unreasonableness standard applies to cases involving inadequate medical care, but it has not foreclosed that possibility either. *See Collins*, 851 F.3d at 731. So for the time being, I would allow More to proceed on a Fourteenth Amendment claim if her medical care was objectively unreasonable.

The objective unreasonableness standard does not require a plaintiff to show "expressed intent to punish." *Kingsley*, 135 S. Ct. at 2473. Instead, "objective reasonableness turns on the 'facts and circumstances of each particular case'" viewed from the perspective of a reasonable person in the shoes of the defendant. *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Although the label "objective reasonableness" brings tort concepts to mind, a garden-variety negligence claim does not make out a Fourteenth Amendment claim.[1] So to establish the objective unreasonableness of the challenged medical care, the plaintiff must show some error beyond ordinary malpractice but not necessarily an error that "departs radically from 'accepted professional practice,'" which would be a way to show deliberate indifference. *See Diggs v. Ghosh*, 850 F.3d 905, 909 (7th Cir. 2017) (quoting *Zaya v. Sood*, 836 F.3d 800, 805

---

[1] *Kingsley*, 135 S. Ct. at 2472 ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998))). Even after *Kingsley*, the Seventh Circuit has reiterated that negligence does not make out a due process claim. *Aguilar v. Gaston-Camara*, No. 15-3894, 2017 WL 2784561, at *5 (7th Cir. June 28, 2017) ("[N]egligent conduct by a state official does not implicate the Due Process Clause.").

(7th Cir. 2016)). This is a fine line for which courts have not articulated a precise standard, and I need not do so here because More states, at most, a negligence claim.

More alleges that someone at Uplands prescribed her "incorrect" medicine and because of the medicine, she contracted C. Diff., which could be fatal. Dkt. 1, at 2. Her complaint does not identify the illness she had before taking her medicine or the medicine she got from Uplands. Most important, she does not explain why she believes that the medical care she got was deficient other than the fact that she ended up with C. Diff. Her claim is, at most, a garden-variety negligence and falls short of constituting a constitutional violation.

Under the facts alleged here, I doubt that More can state a viable claim for relief. Nevertheless, I will allow More an opportunity to amend her complaint to address the problems that I have pointed out. But if she fails to cure the deficiencies identified in this order, I will dismiss the case.

ORDER

IT IS ORDERED that:

1.  Plaintiff Caroline Paula More has three weeks from today to amend her complaint.

2. Plaintiff's failure to amend her complaint to cure the deficiencies discussed in this order will result in dismissal.

Entered September 8, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge